UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL THOMAS, | Case No. 2:21-cv-01121-WBS-JDP (HC) |
| Petitioner, | ORDER GRANTING PETITIONER'S APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| PATRICK COVELLO, | ECF No. 2 |
| Respondent. | ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS |
| | ECF No. 1 |

Petitioner is a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). The petition cannot proceed because the single claim at issue is not adequately described.

Petitioner states that he accepted a plea bargain and pled guilty to voluntary manslaughter in San Joaquin Superior Court in 2015. ECF No. 1 at 1. He was sentenced in 2016 and now, more than five years later, alleges that his sentence is "illegal." *Id.* at 16. Petitioner vaguely

argues that "[o]n the face of the record presented to the State courts it appears a breach in a plea agreement has occurred . . . ." *Id.* at 18.  The petition never provides the specifics of the agreement or explains how it was breached, however.[1]  Cursory and vague claims, like that here, cannot support habeas relief.  *See Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011).  I will give petitioner leave to amend so that he may describe his claim in greater detail.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 2, is granted.

2. Petitioner may file an amended petition within sixty days of this order's entry.  If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   August 5, 2021

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner does state that, after accepting the plea agreement, the trial court used one of the dismissed enhancements to add four years to his sentence. ECF No. 1 at 14-15.  I cannot tell if this is the crux of his habeas petition or an ancillary claim.  Regardless, state law sentencing issues, absent an extraordinary circumstance, do not give rise to a federal habeas question.  *See, e.g.*, *Makal v. Arizona*, 544 F.2d 1030, 1035 (9th Cir. 1976) ("So long as the type of punishment is not based upon any proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the penalties for violations of state statutes are matters of state concern.").  In any event, petitioner may address why this claim should proceed in his amended petition, if he chooses to file one.