UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL THOMAS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PATRICK COVELLO,<br><br>　　　　　Respondent. | Case No.   2:21-cv-01121-WBS-JDP (HC)<br><br>ORDER FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE CLAIM AND GIVING LEAVE TO AMEND WITHIN SIXTY DAYS<br><br>ECF No. 8 |

Petitioner is a state prisoner seeking a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 8. The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998). It appears that the petition cannot proceed because the claim at issue is time-barred.

Petitioner states that he accepted a plea bargain and pled guilty to voluntary manslaughter in the San Joaquin Superior Court in 2015. ECF No. 8 at 1. He was sentenced in 2016 and now, more than five years later, argues that the sentencing court breached the plea agreement. *Id.* at 12. State courts rejected both of his habeas petitions, the first of which was filed on September 17, 2020, as untimely. *Id.* at 27, 34. Under the Anti-Terrorism and Effective Death Penalty Act,

a one-year statute of limitations applies to federal habeas petitions. 28 U.S.C. § 2244(d). Here, petitioner is attacking a sentence that was finalized more than five years ago, and he has not shown that he is entitled to any tolling during that period. Notably, his state habeas petitions do not toll the limitations period because neither was timely filed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005); *see also Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005). I will give petitioner a chance to amend and explain why this claim should proceed in spite of its apparent untimeliness.

It is ORDERED that:

1. Petitioner may file an amended petition within sixty days of this order's entry. If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

2. The Clerk of Court is directed to send petitioner a federal habeas form.

IT IS SO ORDERED.

Dated:   October 20, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

2