UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EARL THOMAS,<br><br>        Petitioner,<br><br>    v.<br><br>PATRICK COVELLO,<br><br>        Respondent. | Case No.   2:21-cv-01121-WBS-JDP (HC)<br><br>ORDER CONVERTING RESPONDENT'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT AND OFFERING RESPONDENT THIRTY DAYS TO FILE A NEW OPPOSITION<br><br>ECF No. 19 |

    Petitioner Robert Earl Thomas, a state prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Respondent moves to dismiss the petition, ECF No. 19, and argues that the petition is time-barred.  That motion to dismiss, however, contains portions of petitioner's medical records that are not generally suited for consideration on a motion to dismiss or for inclusion by way of judicial notice insofar as they are not matters of public record.  *See Walker v. Woodford*, 454 F. Supp.2d 1007, 1022 (S.D. Cal. 2006); *see also Sigler v. Am. Honda Motor Co.*, 532 F.3d 469, 476-77 (6th Cir. 2008) (declining to take judicial notice of the contents of non-prisoner medical records).  I will therefore treat respondent's motion as one for summary judgment and grant petitioner an opportunity to submit evidence in opposition.  *See* Fed. R. Civ. P. 12(d).

    Petitioner is advised of the following with respect to opposing a motion for summary judgment under Rule 56: Such a motion is a request that the court grant judgment in respondent's

1

favor.  A motion for summary judgment will set forth the facts that respondent asserts are not reasonably subject to dispute and that entitle it to judgment under applicable law.  To oppose a motion for summary judgment, petitioner may file one or more affidavits or declarations setting forth the material facts that petitioner believes are subject to reasonable dispute, as long as the person who signs it has personal knowledge of the facts stated.  Petitioner may rely on written records, but he must prove they are what petitioner assert them to be.  Petitioner may rely on all or any part of responses to discovery propounded in this case, i.e, answers to interrogatories, admissions and deposition transcripts.  If petitioner fails to contradict respondent's evidence with counter-affidavits or other admissible evidence, the court may accept respondent's evidence as true and grant the motion.  If there is good reason why facts required to oppose the motion are not available to petitioner, the court will consider a request to postpone considering the motion.  If petitioner does not file a written opposition to the motion or a request to postpone consideration of it, the court may consider the failure to act as a waiver of opposition to the respondent's motion.  If the court grants respondent's motion, whether opposed or unopposed, judgment will be entered for respondent without reaching the merits of petitioner's petition.

Local Rule 260(b) provides that "[a]ny party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial."  Local Rule 260(b) further provides that "[t]he opposing party may also file a concise 'Statement of Disputed Facts,' and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication," and that "[t]he opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers."  Finally, Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be grounds for dismissal, judgment by default, or other appropriate sanctions.

Accordingly, it is ORDERED that:

1. Respondent's motion to dismiss is *sua sponte* convert into one for summary judgment pursuant Rule 56. *See* Fed. R. Civ. P. 12(d).

2. In light of this conversion, petitioner may, if he chooses, file a new opposition within thirty days of this order's entry. If petitioner does file a new opposition, respondent may file a reply within seven days of that opposition. If petitioner does not, I will refer to his current opposition in adjudicating the motion for summary judgment.

IT IS SO ORDERED.

Dated:   November 22, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3