1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT EARL THOMAS,                     Case No.   2:21-cv-01121-WBS-JDP (HC)

12                  Petitioner,              FINDINGS AND RECOMMENDATIONS
                                             THAT RESPONDENT'S MOTION FOR
13          v.                               SUMMARY JUDGMENT BE GRANTED

14   PATRICK COVELLO,                        OBJECTIONS DUE IN FOURTEEN DAYS

15                  Respondent.              ECF No. 19

16

17          Petitioner Robert Earl Thomas, a state prisoner, filed a petition for a writ of habeas corpus

18   under 28 U.S.C. § 2254.  Respondent moved to dismiss the petition, ECF No. 19, arguing that it

19   is time-barred and that petitioner is not entitled to equitable tolling based on mental impairment.  I

20   converted that motion into one for summary judgment because it asked the court to consider

21   plaintiff's medical records.  ECF No. 26.  After that conversion, petitioner filed an opposition,

22   ECF No. 29, and respondent filed a reply, ECF No. 32.  After review of the pleadings, I

23   recommend that the motion for summary judgment be granted.

24                                   **Legal Standards**

25          Summary judgment is appropriate where there is "no genuine dispute as to any material

26   fact the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington*

27   *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

28   only if there is sufficient evidence for a reasonable factfinder to find for the non-moving party,

1  while a fact is material if it "might affect the outcome of the suit under the governing law."

2  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818

3  F.2d 1422, 1436 (9th Cir. 1987).

4  Each party's position must be supported by (1) citations to particular portions of materials

5  in the record, including but not limited to portions of depositions, documents, declarations, or

6  discovery; or (2) argument showing that the materials cited do not establish the presence or

7  absence of a genuine factual dispute or that the opposing party cannot produce admissible

8  evidence to support its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The

9  court may consider material in the record beyond that cited by the parties, but it is not required to

10  do so.  *See* Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026,

11  1031 (9th Cir. 2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir.

12  2010).  Given the liberal standard afforded pro se litigants and the prohibition against granting

13  summary judgment by default, I will take the whole record into consideration in evaluating

14  whether defendants are entitled to summary judgement.[1]

15  "The moving party initially bears the burden of proving the absence of a genuine issue of

16  material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the

17  moving party must either produce evidence negating an essential element of the nonmoving

18  party's claim or defense or show that the nonmoving party does not have enough evidence of an

19  essential element to carry its ultimate burden of persuasion at trial."  *Nissan Fire & Marine Ins.*

20  *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this

---

[1] The advisory committee notes to the 2010 amendments to Rule 56(e) state that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion."  Fed. R. Civ. P. 56(e) (advisory committee notes to 2010 amendments).  Instead, courts are permitted to consider a fact undisputed if it is not properly addressed or to grant summary judgment if the motion and supporting materials show that the movant is entitled to it.  *See id*.  This discretion is particularly apposite in cases with prisoner litigants proceeding pro se, since an unrepresented prisoner's choice to proceed without counsel is often "less than voluntary," and prisoners are subject to the "handicaps . . . [that] detention necessarily imposes upon a litigant," such as "limited access to legal materials . . . [and] sources of proof."  *Jacobsen v. Filler*, 790 F.2d 1362, 1364-65, n.4 (9th Cir. 1986); *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (holding that courts have an "obligation to give a liberal construction to the filings of pro se litigants").

1   initial burden, the burden shifts to the non-moving party "to designate specific facts

2   demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d

3   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  While the non-moving party is not required to

4   establish a material issue of fact conclusively in its favor, it must at least produce "evidence from

5   which a jury could reasonably render a verdict in [its] favor." *Id.* (citing *Anderson*, 477 U.S. at

6   252).  The evidence must be viewed "in the light most favorable to the nonmoving party" and "all

7   justifiable inferences" must be drawn in favor of the non-moving party.  *Orr v. Bank of America,*

8   *NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002).

9                                                **Analysis**

10          The parties agree that, under the Anti-Terrorism and Effective Death Penalty Act, the time

11   for filing the instant petition expired on March 11, 2017, ECF Nos. 19 at 8 & 23 at 4-5, well

12   before its filing on June 24, 2021, ECF No. 1.  The question is whether petitioner is entitled to

13   equitable tolling for that more-than-four-year period because of his alleged mental health

14   impairment.  To warrant equitable tolling based on a mental health condition, a petitioner "must

15   show extraordinary circumstances, such as an inability to rationally or factually personally

16   understand the need to timely file, or a mental state rendering an inability personally to prepare a

17   habeas petition and effectuate its filing." *Orthel v. Yates*, 795 F.3d 935, 938 (9th Cir. 2015).

18   Despite petitioner's claims to the contrary, respondent's medical records show that, despite being

19   diagnosed with schizophrenia, he never labored under the sort of extraordinary circumstances that

20   would warrant equitable tolling.

21          As an initial matter, petitioner was committed to a mental health crisis bed only twice—

22   once from July 16 to July 27, 2016, and again on July 31, 2016.  ECF No. 19-1 at 7, 10-11, 13,

23   100 & ECF No. 19-4 at 91.  Elsewhere, medical records broadly indicate that his condition was

24   well-managed and that he was stable.  Clinician notes from April 14, 2016, describe him as calm,

25   cooperative, and coherent.  ECF No. 19-4 at 93.  Notes from August 5, 2016, describe him as

26   "calm and cooperative" and "goal directed and logical." *Id.* at 91.  Those notes also emphasize

27   that between February 17, 2016, when petitioner was admitted to the custody of the California

28   Department of Corrections and Rehabilitation, and admission to the mental health crisis bed on

                                                    3

July 16, 2016, he was "stable and functioning well." *Id.* Notes from September 27, 2017, state that petitioner did not present with any unusual behaviors and was "programming without difficulty." ECF No. 19-2 at 10. Respondent provides numerous other examples of similar clinical findings. *See* ECF No. 19 at 6-7.

For his part, petitioner emphasizes his placement in the Enhanced Outpatient Program ("EOP"), prescription of psychotropic medication, and lack of awareness of the alleged error in his sentence. ECF No. 29 at 2. But placement in EOP and being prescribed psychotropic medication do not, in the face of clinician notes indicating that petitioner's mental health was stable, establish that his mental health prevented him either from understanding the need to file a habeas corpus petition or from preparing such a petition. Mental health issues do not automatically trigger tolling; equitable tolling comes into play only when a petitioner's mental health is "so debilitating that it is the but-for cause of the delay." *Yow Ming Yeh v. Martel*, 751 F.3d 1075, 1078 (9th Cir. 2014). In *Yow Ming Yeh*, the Ninth Circuit described the type of mental impairment that would justify tolling:

> Our recent decision in *Forbess v. Franke*, No. 12-35843, 749 F.3d 837, 2014 U.S. App. LEXIS 7299 (9th Cir. Apr. 18, 2014), illustrates the type of petitioner entitled to equitable tolling. There, the petitioner 'believed he was working undercover for the FBI, and his trial was a sham orchestrated to lure his ex-wife out of hiding and arrest her for being part of an extensive drug distribution operation,' and the 'magistrate judge explicitly found that Forbess's delusions persisted throughout the relevant [limitations] period.'

*Id.* Neither *Yeh* nor petitioner demonstrated a mental impairment approaching this level.[2] And a lack of legal knowledge of the sort that petitioner suggests kept him from understanding the error in his sentence does not entitle him to tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("We now join our sister circuits and hold that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."); *Baker v. Cal. Dep't of Corr.*, 484 F. App'x 130, 131 (9th Cir. 2012) ("Low literacy levels, lack of

---

[2] In his opposition, petitioner emphasizes that that schizophrenia is a "serious mental disorder in which people interpret reality abnormally." ECF No. 29 at 9. This is undoubtedly true but, as noted above, petitioner's medical records do not indicate that he was so impaired as to be unable to file or understand the need to file a habeas petition.

4

1 | legal knowledge, and need for some assistance to prepare a habeas petition are not extraordinary
2 | circumstances to warrant equitable tolling of an untimely habeas petition.").
3 |      Accordingly, I recommend that respondent's motion to for summary judgment, ECF No.
4 | 19, be GRANTED and that the petition be dismissed as time-barred.
5 |      These findings and recommendations are submitted to the U.S. district judge presiding
6 | over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304.  Within fourteen days of the
7 | service of the findings and recommendations, the parties may file written objections to the
8 | findings and recommendations with the court and serve a copy on all parties.  That document
9 | must be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The
10 | presiding district judge will then review the findings and recommendations under 28 U.S.C.
11 | § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   January 23, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5